UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>HON. TIMOTHY CASSERLY, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 18-CV-1836 JLS (AHG)<br><br>**ORDER (1) GRANTING MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS, AND (2) DENYING REQUEST FOR DISCOVERY TO DETERMINE DOE DEFENDANT IDENTITY**<br><br>(ECF Nos. 43, 44) |

Presently before the Court is Plaintiff's *Ex Parte* Application for Extension of Time to Serve/Re-Serve Summons and Complaint on Non-Appearing Defendants (ECF No. 43), and Plaintiff's Amended *Ex Parte* Application for (1) Extension of Time to Serve/Re-Serve Summons and Complaint on Non-Appearing Defendants, and (2) Allowing Discovery to Determine Doe Defendant Identity ("Mot.," ECF No. 44).[1] The Court will consider Plaintiff's second Motion and addresses each of Plaintiff's requests in turn.

---

[1] Because Plaintiff seeks the same relief in both motions, the Court **DENIES AS MOOT** Plaintiff's first Motion for Extension of Time (ECF No 43).

1

First, Plaintiff requests the Court extend the time for him to serve Defendants Chief Justice Tani G. Cantil-Sakauye, Administrative Presiding Justice Judith McConnell, and Associate Justices Patricia D. Benke, Richard D. Huffman, and Terry B. O'Rourke (together, the "Judicial Defendants"). *Id.* at 4. Plaintiff contends that he mistakenly served the Complaint at the California Attorney General's Office in San Diego, California, because he believed they would accept service on behalf of the Judicial Defendants. *Id.* at 3–4. Good cause appearing, the Court **GRANTS** Plaintiff's Motion as it pertains to extending time for service.[2]

Second, Plaintiff requests the Court allow discovery so that he may ascertain the identity of the Doe Defendants. Plaintiff asserts that the Doe Defendants are limited to "judges's law clerks and/or staff" involved in "the initial destruction of the [second] notice of appeal and subsequent failure to forward the . . . [second] notice of appeal . . . ." Mot. at 8. According to Plaintiff, their identity will not be "super difficult to discover." *Id.* Plaintiff contends that he "assumed he would be allowed to conduct discovery" regarding the identities of the Doe Defendants "as the case proceeded" because he brought viable claims against Defendant Romo. *Id.* at 7–8.

Rule 26(d) states that a party may not seek "discovery from any source" before the Rule 26(f) conference, unless the Court allows early discovery, or the parties agree to it. *See* Fed. R. Civ. P. 26(d). When a party seeks Court permission for early discovery, that party must show "good cause." *MedImpact Healthcare Sys., Inc. v. IQVIA Holdings, Inc.*, No. 19cv1865-GPC-LL, 2019 WL 610554, at *2 (S.D. Cal. Nov. 25, 2019). In situations such as this where a plaintiff seeks discovery to uncover the identity of an unknown defendant, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or

---

[2] In his Motion, Plaintiff states he does not seek an extension of time to serve Defendants Gavin Newsom or Michael Cohen and that "they are effectively dismissed without prejudice." Mot. at 5. The Court considers this a voluntary dismissal of these Defendants and therefore **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against Defendants Gavin Newsom and Michael Cohen.

that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

Here, the Court finds Plaintiff has failed to show good cause for conducting discovery before the Rule 26(f) conference. Plaintiff seems to assert that like Defendant Romo, the Doe Defendants were court clerks involved in the handling of Plaintiff's October 2015 appeals. Mot. at 7–9. The Court finds that because the Doe Defendants would be similarly situated to Defendant Romo, the reasoning of the previous Order dismissing Defendant Romo would apply to the Doe Defendants as well. It is therefore clear to the Court that "the [C]omplaint would be dismissed on other grounds" and that discovery to determine the identities of the Doe Defendants is not warranted. *See Gillespie*, 629 F.2d at 642. Thus, the Court **DENIES** Plaintiff's Motion as it pertains to seeking early discovery.

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion. Specifically, the Court **GRANTS** Plaintiff's Motion as it pertains to extending time for service and **DENIES** Plaintiff's Motion as it pertains to seeking early discovery. Plaintiff **SHALL SERVE** the Judicial Defendants and file appropriate proof of service with the Court by **March 6, 2020**. Failure to properly serve Defendants by this time may result in this case being dismissed pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED.**

Dated: February 3, 2020

Hon. Janis L. Sammartino
United States District Judge