UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br><br>                      Plaintiff,<br><br>v.<br><br>HON. TIMOTHY CASSERLY, et al.,<br><br>                      Defendants. | Case No.: 18-CV-1836 JLS (AHG)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S PENDING EX PARTE MOTIONS**<br><br>(ECF Nos. 28, 34, 40, 50, 51) |

Presently before the Court are Plaintiff Aaron Raiser's *Ex Parte* Motions (A) for an Order Declaring ECF Access Policies and Local Rule 7.1 Unconstitutional (ECF No. 28); (B) for an Order Declaring Local Rule 7.1 Page Limit Unconstitutional (ECF No. 34); (C) for Order of Entry of Default Judgment (ECF No. 40); (D) for an Order (1) That Only Presiding Judge Personally Read All Pending and Future Applications, Motions and Memorandum of Points and Authorities and Personally Draft The Orders Thereon With No Staff Input; (2) That Certain Administrative Orders Be Entered To Prevent Further Bias and Disruption To Proceedings And Case Transferred To Another Judge; (3) For Hearing To Get Out in the Open What Is Happening In This Case From a Due Process/Administrative Perspective and Talk About How Plaintiff Can Get a Fair Adjudication With Proper Legal Analysis; (4) To Declare Present System of Delegation to Court Staff and Interns Plaintiff's Cases as Unconstitutional; (5) To Declare Present

1

System of Reliance on Case Summaries Unconstitutional; (6) That Only the Presiding Judge in This Case Read This Ex Parte Application and Supporting Memorandum of Points and Authorities, Supporting Cites and Draft the Order Thereon; and (7) To Declare Allowing Staff To Search PACER (including Internal PACER) For Plaintiff's Cases Unconstitutional (ECF Nos. 50, 51).[1]

Including the five *ex parte* motions presently before the Court, Plaintiff has now filed fourteen *ex parte* motions during this litigation. "In our adversary system, *ex parte* motions are disfavored." *Ayestas v. Davis*, 138 S. Ct. 1080, 1091 (2018); *accord United States v. Thompson*, 827 F.2d 1254, 1257 (9th Cir. 1987)). Consequently, "opportunities for legitimate *ex parte* applications are extremely limited." *Maxson v. Mosaic Sales Sols. U.S. Operating Co., LLC*, No. 2:14-CV-02116-APG, 2015 WL 4661981, at *1 (D. Nev. July 29, 2015) (quoting *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989)). A proper *ex parte* motion must "address . . . why the regular noticed motion procedures must be bypassed," i.e., "it must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). This requires the moving party to "show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and "that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Id.*

None of Plaintiff's pending *ex parte* motions meet these requirements. *See generally* ECF Nos. 28, 34, 40, 50, 51. Plaintiff makes generalized arguments that he will suffer irreparable harm because there are other motions pending and his case could be dismissed. *See, e.g.*, ECF Nos. 28 at 2, 34 at 2, 40 at 2, 50 at 2, 51 at 2. Those assertions, however, do not warrant *ex parte* relief. Consequently, "[t]he pending motions are not properly

---

[1] Plaintiff also filed *ex parte* motions for an Order (1) For Extension of Time to Serve / Re-Serve Summons and Complaint on Non-Appearing Defendants; and (2) Allowing Discovery to Determine Doe Defendant Identity (ECF Nos. 43, 44). The Court will address those requests in a separate Order.

brought in an *ex parte* manner." See *Maxson*, 2015 WL 4661981, at *2. "While the Court liberally construes the filings of *pro se* litigants, *pro se* litigants are not relieved from following applicable rules of procedure, including the Local Rule requiring a showing of compelling reasons for seeking relief on an *ex parte* basis." *Id.* (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). "As a result, the Court will not address the substance of the motions and they are hereby **DENIED**. To the extent Plaintiff continues to seek the relief requested, [he] must file the motions in accordance with the rules of this Court and provide notice of them to Defendant[s'] counsel." *See id.* (emphasis in original).

Further, "the Court has outlined above the extremely limited circumstances in which the filing of an *ex parte* request is proper. The Court expects Plaintiff to refrain in the future from filing *ex parte* requests when the appropriate circumstances do not exist for such a filing." *See id.*

**IT IS SO ORDERED.**

Dated: February 3, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge