UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>HON. TIMOTHY CASSERLY, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 18-CV-1836 JLS (AHG)<br><br>**ORDER (1) DENYING REQUEST FOR SERVICE BY A UNITED STATES MARSHAL, AND (2) GRANTING MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS**<br><br>(ECF Nos. 59, 60) |

Presently before the Court is Plaintiff's Motion for Extension of Time to Serve Summons and Complaint and Application for Service by a United States Marshal (ECF No. 59), and Plaintiff's Emergency *Ex Parte* Application for Extension of Time to Serve Summons and Complaint and for U.S. Marshal Service (ECF No. 60).[1]

First, Plaintiff requests the Court order a United States marshal to serve Defendants Chief Justice Tani G. Cantil-Sakauye, Administrative Presiding Justice Judith McConnell, and Associate Justices Patricia D. Benke, Richard D. Huffman, and Terry B. O'Rourke

---

[1] Because Plaintiff seeks the same relief in both motions, the Court **DENIES AS MOOT** Plaintiff's *Ex Parte* Application (ECF No 60).

1

(together, the "Judicial Defendants"). Plaintiff asserts he is unable to serve the Judicial Defendants because he has been suffering from health issues and the cost of service has become prohibitive.

Under Federal Rule of Civil Procedure 4(c)(3), the Court may, at the plaintiff's request, "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." "If the plaintiff is not proceeding *in forma pauperis* or as a seaman," as is the case here, "the decision" of whether to direct service by a United States marshal "falls within the discretion of the court." *Bax v. Exec. Office for U.S. Attorneys*, 216 F.R.D. 4, 4 (D.D.C. 2003). Before exercising this discretion, however, the Court should require "that a plaintiff requesting service by the United States Marshal first must attempt service by some other means authorized by Rule 4." *Id.* (citing *Jones v. Goodman*, No. CIV. A. 91-7560, 1992 WL 185634, at *1 (E.D. Pa. July 21, 1992); *Wright & Miller*, 4A Fed. Prac. & Proc. Civ. § 1090 (4th ed.)).

Here, Plaintiff "has not attempted service by other means," *id.* at 4–5, such as requesting waiver of service under Rule 4(d). The Court therefore **DENIES WITHOUT PREJUDICE** Plaintiff's request for service by a United States marshal (ECF No. 59).

Second, Plaintiff requests the Court extend the time for him to serve the Judicial Defendants. The Court previously granted Plaintiff until March 6, 2020, to serve the Judicial Defendants. Plaintiff asserts he cannot meet that deadline because of his declining health and the cost of service. So that Plaintiff may attempt service by other means, the Court **GRANTS** Plaintiff's Motion (ECF No. 59) as it pertains to extending time for service. Plaintiff **SHALL SERVE** the Judicial Defendants and file appropriate proof of service with the Court by **May 7, 2020**. "If [Plaintiff] demonstrates to the court's satisfaction that he is unable to serve the [Judicial Defendants] with the complaint and summons through other authorized means, [Plaintiff] may re-file his motion for service by the United States Marshal." *Bax*, 216 F.R.D. at 5. Failure to properly serve Defendants

///

///

by this time may result in this case being dismissed pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED.**

Dated: March 5, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge