UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br><br>                                    Plaintiff,<br><br>v.<br><br>HON. TIMOTHY CASSERLY, et al.,<br><br>                                    Defendants. | Case No.: 18-CV-1836 JLS (AHG)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>(ECF No. 63) |

Presently before the Court is Defendants the Honorable Chief Justice Tani G. Cantil-Sakauye, the Honorable Richard D. Huffman, the Honorable Terry B. O'Rourke, the Honorable Patricia C. Benke, the Honorable Judith D. McConnell (together, the "Judicial Defendants") Motion to Dismiss ("Mot.," ECF No. 63). Also before the Court are Plaintiff Aaron Raiser's Opposition to ("Opp'n," ECF No. 66), and Defendants' Reply in support of (ECF No. 67) the Motion. Having carefully reviewed the Parties' arguments and the law, the Court **GRANTS** the Motion.

## BACKGROUND

This case arises out of Plaintiff Aaron Raiser's medical malpractice action, *Raiser v. Tri-City Medical Center, et al.*, Case No. 37-2013-00070368-CU-MM-NC, filed in September 2013 in the Superior Court of California, County of San Diego (the "State Court Action"). *See* First Amended Complaint ("FAC") ¶¶ 30, 34, ECF No. 1. In the State Court

Action, Plaintiff alleged he was lied to and tricked into getting an unnecessary CT scan at Tri-City Medical Center. *Id.* ¶ 210. Plaintiff alleges that CT scans cause cancer, leading to thousands of deaths each year. *Id.* ¶ 107.

While litigating the State Court Action on June 3, 2015, Plaintiff was designated a vexatious litigant under California Code of Civil Procedure section 391. *Id.* ¶ 69. Several months later, Plaintiff did not pay the required bond and Superior Court Judge Timothy M. Casserly dismissed the complaint. *Id.*

Before Judge Casserly dismissed the complaint, however, Plaintiff filed an interlocutory appeal (the "first notice of appeal") of the order designating him a vexatious litigant and challenging the constitutionality of the vexatious litigant statute. *Id.* ¶ 35. On October 15, 2015, Plaintiff filed a second notice of appeal. *Id.* ¶ 37. On October 22, 2015, Plaintiff filed a "request to appeal," requesting permission to file the second notice of appeal. *Id.* ¶ 69. Plaintiff's October 22 filing was incorrectly identified as a notice of appeal rather than a "request to appeal." *Id.*

Plaintiff alleges that the second notice of appeal, and the corresponding record on appeal, was improperly docketed due to staff misconduct. *Id.* The record on appeal for the first notice of appeal "was fully ready in March 2016." *Id.* The second notice of appeal, on the other hand, was not accepted on the docket until June 9, 2016. *Id.* The order was docketed *nunc pro tunc* to October 15, 2015, but the record on appeal was not docketed at that time. *Id.*

Briefing for the appeals at the Court of Appeals began in September 2016 and was completed in January 2017. *Id.* According to Plaintiff, this original briefing focused only on Plaintiff's constitutional challenges to California's vexatious litigant statute, *id.*, because the record on appeal for the second notice of appeal—which Plaintiff alleges focused on the merits of his case—was not docketed. *Id.* After completing the briefing, Plaintiff filed a motion to correct the docket text relating to Plaintiff's October 15 and 22 filings. *Id.* Plaintiff alleges that, because the second notice of appeal was not timely forwarded to the Court of Appeals, the merits of his underlying case were not properly

addressed.  *Id.*   The Court of Appeals ultimately affirmed the Judge Casserly's order declaring Plaintiff a vexatious litigation and dismissing the case.  *See id.* ¶ 56.  Plaintiff then filed a request for rehearing, in which he argued that the second notice of appeal had not been properly before the Court.  *See id.* ¶ 218.  Plaintiff alleges that court staff denied his request without allowing any of the justices to see it.  *Id.*

Plaintiff then filed a petition for review from the California Supreme Court.  *Id.* ¶ 72.  Plaintiff alleges that this petition would not have been denied but for staff misconduct.  *Id.* ¶¶ 72–86.  Plaintiff alleges that staff conspired to give incorrect summaries of his case to the justices so they would deny the petition and take no action.  *Id.* ¶¶ 82–83.

Plaintiff filed his original complaint on August 8, 2018.  *See generally* ECF No. 1.  Plaintiff filed the operative FAC on January 16, 2019.  *See generally* FAC.  The undersigned was assigned to the case on July 19, 2019.  ECF No. 49.  Plaintiff brings eight causes of action: (1) denial of access to the courts under 42 USC § 1983, (2) state constitutional violations for denial of access to state courts and due process, (3) conspiracy to deny Plaintiff access to courts, (4) conspiracy to violate federal civil rights, (5) for a declaration that California Code of Civil Procedure section 391 is unconstitutional, (6) for an injunction ordering Plaintiff be removed from the vexatious litigant list, (7) for an order to increase funding of the state court system, (8) for an order requiring Defendants to process Plaintiff's second notice of appeal and to read Plaintiff's administrative complaints.  FAC ¶¶ 206–262.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and as such have an obligation to dismiss claims for which they lack subject-matter jurisdiction.  *Demarest v. United States*, 718 F.2d 964, 965 (9th Cir. 1983).   Because the issue of standing pertains to the subject-matter jurisdiction of a federal court, motions raising lack of standing are properly brought under Federal Rule of Civil Procedure 12(b)(1).  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  The plaintiff bears the burden of establishing he has standing to bring the claims asserted.  *Takhar v. Kessler*, 76 F.3d 995, 1000 (9th Cir. 1996); *see also In re*

*Dynamic Random Access Memory Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008) ("The party asserting jurisdiction bears the burden of establishing subject-matter jurisdiction on a motion to dismiss for lack of subject-matter jurisdiction.").

Rule 12(b)(1) motions may challenge jurisdiction facially or factually. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

## ANALYSIS

The Judicial Defendants raise several arguments for why this Court should dismiss the claims against them, including because the entire action is barred pursuant to the *Rooker-Feldman* doctrine. *See* Mot. at 14–18.

"Under *Rooker-Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgement of a state court." *See Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003); *see also Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). *Rooker-Feldman* precludes jurisdiction when federal court proceedings arise out of a final state court determination that is "judicial in nature" and the issues raised are "inextricably intertwined" with the state court proceedings, making the federal case a de facto appeal of a state court decision. *See Feldman*, 460 U.S. at 476, 486; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring) (noting that a claim is inextricably intertwined "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.").

Defendants argue that this Court lacks subject matter jurisdiction under *Rooker-Feldman* because Plaintiff's claims have already been litigated in state court. Mot. at 16. And to the extent Plaintiff raises new claims in this action, Defendant contends they constitute a de facto appeal of the State Court Action, and are otherwise inextricably intertwined with his appeal. *Id.* Plaintiff argues in response that his current claims are

4

outside the narrow bounds of *Rooker-Feldman*.  *See* Opp'n at 6.   Plaintiff also contends that the alleged staff misconduct creates an exception to *Rooker-Feldman*.  *See id.* at 7–8.

The Court finds that the present case is barred under *Rooker-Feldman*.  The record clearly shows that Plaintiff already litigated the issues before this Court in the State Court Action.  Every level of the California judiciary considered and rejected Plaintiff's claims that the vexatious litigant statute is unconstitutional and wrongly applied against him.  *See generally* FAC.   And the Court of Appeals opinion affirming Judge Casserly's order dismissing Plaintiff's State Court Action provided an in-depth analysis of the underlying case, including the merits of Plaintiff's underlying medical malpractice claim.  *Raiser v. Tri-City Healthcare Dist.*, No. D068567, 2017 WL 1399731, at *8–10 (Cal. Ct. App. Apr. 19, 2017).

While several of Plaintiff's claims seemingly do not constitute direct appeals, these too are barred because they are inextricably intertwined with the rulings in the State Court Action that Plaintiff appeals.  *See Ignacio v. Judges of U.S. Ct. of Appeals for Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006) (*Rooker-Feldman* "precludes constitutional claims that are 'inextricably intertwined' with the forbidden appeal").   All Plaintiff's claims for declaratory, mandamus, and injunctive relief ultimately relate to and implicate the decisions in the State Court Action and would require the Court decide the state courts wrongly decided the issues in the underlying State Court Action.  For example, Plaintiff's seventh cause of action calls for an order to increase funding of the state court system to give more time for judges to consider cases, including Plaintiff's.  *See* FAC ¶ 254.  To make the requisite findings to enter such an order, the Court would be required to find that the alleged underfunding of the judiciary deprived Plaintiff of a fair opportunity to litigate his case.[1]  *See Noel*, 341 F.3d at 1158 ("[T]he federal plaintiff may not seek to litigate an

---

[1] The Court must likewise abstain from hearing these claims because they seek to impose "an ongoing federal audit of state . . . proceedings," *O'Shea v. Littleton*, 414 U.S. 488, 500 (1974), and would require "heavy federal interference in such sensitive state activities as administration of the judicial system." *Los Angeles Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 703 (9th Cir.1992) (citing *O'Shea*, 414 U.S. 488; *Rizzo v. Goode*, 423 U.S. 362, 379 (1976)).

18-CV-1836 JLS (AHG)

issue that is 'inextricably intertwined' with the state court judicial decision from which the forbidden de facto appeal is brought."). Accordingly, *Rooker-Feldman* bars this litigation.

As to Plaintiff's argument that his claims fall within an exception to *Rooker-Feldman*, the Court cannot agree. *Rooker-Feldman* is inapplicable when a federal plaintiff alleges extrinsic fraud. *See Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1141 (9th Cir. 2004) ("*Rooker–Feldman* . . . does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic fraud on a state court and seeks to set aside a state court judgment obtained by that fraud."); *see also Wood v. McEwan*, 644 F.2d 797, 801 (9th Cir. 1981) ("Extrinsic fraud is conduct which prevents a party from presenting his claim in court."). The extrinsic fraud exception, however, does not apply when an issue was previously raised and rejected in state proceedings. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 860 (9th Cir. 2008); *see also Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 533–34 (7th Cir. 2004) (finding district court did not have jurisdiction to review a claim of fraud because the claim was already litigated in an earlier state action).

Here, Plaintiff alleges that he was denied the right to argue the merits of his case during his appeal because of the alleged staff misconduct, leading to the California and United States Supreme Courts being "not able to review the underlying state court judgement due to the Defendants' misconduct surrounding the notices of appeal." Opp'n at 10. Plaintiff contends his alleged injuries were not caused by the state court's judgement, but rather the fraud perpetrated by court staff. *Id.* Thus, according to Plaintiff, the claims cannot be barred by *Rooker-Feldman. Id*. In making this argument, Plaintiff asserts he is presenting "new facts separate and independent from anything raised in the superior court." *Id.* at 18.

All of Plaintiff's alleged harms stem from the record on appeal not being properly docketed. Despite Plaintiff's allegations, Plaintiff previously addressed the alleged missing record on appeal in his brief for rehearing at the Court of Appeals and petition for review to the California Supreme Court. Regardless of why the record on appeal was not docketed, the California Court of Appeals and California Supreme Court considered

whether the lack of the record on appeal was reason to overturn the lower court's decision; both courts determined it was not. Thus, the extrinsic fraud exception does not apply because the facts pertinent to the state courts' decisions were already raised and rejected. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 860 (9th Cir. 2008) (extrinsic fraud exception does not apply when the issue was raised in the state proceedings and rejected by the state court); *see also Taylor*, 374 F.3d at 533–34 (holding district court did not have jurisdiction to review claim of fraud because the claim was already litigated in state action).

In sum, *Rooker-Feldman* applies to this case and bars Plaintiff's claims. *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* applies in "cases brought by state-court losers complaining of injuries caused by state-court judgements rendered before the district court proceedings commenced and inviting district court review and rejection of those judgements."). Accordingly, the Court **GRANTS** Defendants' Motion.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion (ECF No. 63) and **DISMISSES WITH PREJUDICE** Plaintiff's FAC. All other pending motions are **DENIED AS MOOT**. The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  August 25, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

18-CV-1836 JLS (AHG)