UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>HON. TIMOTHY CASSERLY, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 18-CV-1836 JLS (AHG)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>(ECF No. 72) |

　　　　Presently before the Court is Plaintiff Aaron Raiser's *Ex Parte* Application For Reconsideration ("Mot.," ECF No. 72). Plaintiff asks the Court to reconsider its August 25, 2020 Order in which the Court granted Defendants' motion to dismiss and dismissed Plaintiff's First Amended Complaint with prejudice. After considering Plaintiff's arguments and the law, the Court **DENIES** the Motion.

　　　　Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." Civ. L.R. 7.1(i)(1). The moving party must provide an affidavit setting forth, inter alia, new or different facts and circumstances which previously did not exist. *Id.*

　　　　"A district court may grant a Rule 59(e) motion if it 'is presented with newly

discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883).

Plaintiff has not presented any newly discovered facts or intervening changes in the controlling law, and the Court does not find extraordinary circumstances that would justify reconsideration. *See generally* Mot. Instead, Plaintiff argues this Court "fails to address the facts of the complaint," Mot. at 1, and "never addresses all of Plaintiff's legal arguments," Mot. at 2. Plaintiff raises the "same arguments, facts and case law" that this Court already considered, which is insufficient grounds to grant reconsideration. *See Wargnier v. National City Mortg. Inc.*, No. 09cv2721–GPC–BGS, 2013 WL 3810592, at *2 (S.D. Cal. July 22, 2013) (denying motion for reconsideration where the motion reflected the same arguments, facts, and case law that were previously considered and ruled upon by the court). The Court therefore **DENIES** the Plaintiff's Motion to Reconsider.

**IT IS SO ORDERED.**

Dated: October 15, 2020

Hon. Janis L. Sammartino
United States District Judge