UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br><br>                           Plaintiff,<br><br>v.<br><br>HON. TIMOTHY CASSERLY, et al.,<br><br>                          Defendants. | Case No.: 18-CV-1836 JLS (AHG)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PACER ACCESS IFP**<br><br>(ECF No. 77) |

      Presently before the Court is Plaintiff Aaron Raiser's *Ex Parte* Application For Order Allowing PACER Access IFP ("Mot.," ECF No. 77). For the reasons stated below, the Court **DENIES** the Motion.

      Section 1915(a) provides that "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets" showing that "the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915 (a). However, the court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963). "Free access to the PACER system is not a listed item under [28 U.S.C.] § 1915." *Meppelink v. Wilmington Sav. Fund Soc'y FSB*, No. C19-5655RJB, 2019 WL 7290779, at *2 (W.D. Wash. Dec. 30, 2019); *see also Straw v. Avvo, Inc.*, No. C20-0294JLR, 2020 WL 1182932, at *1 (W.D. Wash. Mar.

1  11, 2020) (denying IFP motion for PACER and CM/ECF access). "[IFP] status alone does not support a request to waive PACER fees." *Katumbusi v. Gary*, No. 2:14-CV-1534 JAM AC, 2014 WL 5698816, at *4 (E.D. Cal. Oct. 30, 2014).

Plaintiff requests free access to the Public Access to Court Electronic Records system ("PACER") because he "need[s] to do research and view and download docket entries." Mot. at 1. Plaintiff has already received electronic filer and electronic service status with the Court's CM/ECF system. *See* ECF No. 29. Because Plaintiff is registered for electronic service, he receives one free electronic copy of all documents filed in this case. Plaintiff states "the paper copies and electronic copies were lost" when his computers were stolen or broken. Mot. at 2. While the Court is sympathetic, the Court finds Plaintiff's electronic filing status provides him reasonable access to the documents filed in this case. Any additional documents Plaintiff needs for research can be accessed on PACER for a modest fee of $0.10 per page retrieved, and the charge for any single document is capped at $3.00. The Court concludes these procedures provide reasonable access, and that Plaintiff has not made a showing that his PACER fees should be waived.

Accordingly, the Court **DENIES** Plaintiff's Motion.

**IT IS SO ORDERED.**

Dated: November 6, 2020

Hon. Janis L. Sammartino
United States District Judge