UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br><br>  Plaintiff,<br><br>v.<br><br>HON. TIMOTHY CASSERLY, et al.,<br><br>  Defendants. | Case No.: 18-CV-1836 JLS (AHG)<br><br>**ORDER DENYING PLAINTIFF'S (1) MOTION FOR PACER ACCESS AND (2) MOTION FOR RECONSIDERATION**<br><br>(ECF Nos. 79, 80) |

Presently before the Court is pro se Plaintiff Aaron Raiser's *Ex Parte* Application for PACER Access at Regular Cost or for Paper Copies of Docket IFP ("Mot.," ECF No. 80) and Plaintiff's *Ex Parte* Motion to Reconsider Application for PACER Access IFP ("Mot. Recons.," ECF No. 79). After considering the facts and the law, the Court rules as follows.

**MOTION FOR PACER ACCESS**

Plaintiff requests that the Court waive Plaintiff's unpaid past usage fees of $750 on the Public Access to Court Electronic Records ("PACER") system so his account will be reactivated. *See* Mot. at 1. The applicable fees PACER charges users are set forth in a

schedule issued by the Federal Judiciary.[1]  Generally, users are charged a fee of $0.10 per page—not to exceed $3.00 per document—to access dockets, case documents, transcripts, or reports on PACER.  Fee Schedule.  The usage fee is automatically waived for accessing (1) any judicial opinions, (2) any information or documents viewed at a courthouse public access terminal, and (3) one copy of most electronically filed documents in a case in which the user is a party.  *Id.*  Courts have discretion to "exempt certain persons or classes of persons from payment of the user access fee."  *Id.*  Under that provision, the Court must consider whether those seeking an exemption "have demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information."  *Id.*  "The Judicial Conference Policy Notes further state that any such exemption should be the exception not the rule."  *James v. City of Omaha*, No. 8:07CV121, 2007 WL 1725619, at *1 (D. Neb. June 13, 2007).

Plaintiff must show that an exemption "is necessary in order to avoid unreasonable burdens and to promote public access to information."  Fee Schedule.  Plaintiff is not proceeding IFP.  *See* ECF No. 5 ("Filing fee: $400.00, receipt number CAS105638, Paid on 10/11/2018.").  Plaintiff has numerous other cases pending, and Plaintiff states that he was not allowed electronic filing status in many of those cases.  Mot. at 2.  Additionally, Plaintiff's computers have been stolen or have broken, leading to the loss of electronic files.  *Id.*  Plaintiff has not stated how he incurred the $750 charges on PACER aside from "do[ing] research and view[ing] and download[ing] docket entries."  *Id.* at 1.  The Court finds Plaintiff has not made the requisite showing of need to justify an exemption of previously incurred PACER fees.

Plaintiff's electronic filing status provided him ample opportunity both to conduct research and monitor the developments in the present case without imposing an

---

[1] The Court takes judicial notice of the Electronic Public Access Fee Schedule (Dec. 31, 2019), https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule (last visited Nov. 10, 2020) (hereinafter "Fee Schedule").  *See* Fed. R. Evid. 201(b)(2) (providing that a court may take judicial notice of adjudicative facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

unreasonable burden.  If Plaintiff used the PACER system in excess of the needs of this case and incurred extraordinary charges, this does not support Plaintiff's request that his PACER fees should be waived.  *See Zied-Campbell v. Richman*, 317 F. App'x 247, 251 (3d Cir. 2009) (finding district court did not abuse its discretion denying indigent plaintiff's broad request for access to PACER); *Oliva v. Brookwood Coram I, LLC*, No. 14-CV-2513 JMA AYS, 2015 WL 1966357, at *2 (E.D.N.Y. Apr. 30, 2015) ("Users seeking to avail themselves of that privilege [access to PACER] expressly 'assume responsibility for all fees incurred' and are informed that service may be suspended if 'the amount due is not paid by the due date.'").

In light of PACER's automatic fee exemptions and the otherwise modest PACER fees, the Court finds that Plaintiff is not unreasonably burdened and was granted reasonable access to his case information.  PACER allowed Plaintiff to obtain a one free copy of documents filed in his case and access judicial opinions without charge.  *See* Fee Schedule. Additionally, Plaintiff could freely peruse the entire PACER database using the public access terminals in the courthouse.  *See id.*  Plaintiff did not explain how that level of access was insufficient to conduct research and view his case documents, and he falls short of establishing that the regular usage fees constitute an unreasonable burden.  In fact, Plaintiff's present request is to waive his past fees, reinstate his account, and allow him to "pay the regular rate."  Mot. at 2.  This further evidences that the modest PACER fees are not an unreasonable burden for Plaintiff.

Further, the Court "need not consider whether it would be proper to waive past fees and direct an account to be reactivated where a party has established that he would have initially satisfied the standard for a discretionary exemption."  *Oliva*, 2015 WL 1966357, at *2 n.1.  Plaintiff has not satisfied the unreasonable burden standard to qualify for a discretionary exemption, and therefore, the Court declines to address Plaintiff's deactivated account.

Therefore, the Court **DENIES** Plaintiff's Motion (ECF No. 80).

///

**MOTION FOR RECONSIDERATION**

Plaintiff asks the Court to reconsider its November 6, 2020 Order in which the Court denied Plaintiff's motion for free access to PACER. *See* "Order," ECF No. 78. Since Plaintiff has filed a subsequent motion for PACER access that the Court considered above, the Court **DENIES** Plaintiff's Motion to Reconsider as moot (ECF No. 79).[2]

**IT IS SO ORDERED.**

Dated: November 17, 2020

Hon. Janis L. Sammartino
United States District Judge

---

[2] The Court notes that this is the third motion for reconsideration filed by Plaintiff in this matter. *See* ECF Nos. 45, 72. The Court finds it prudent to remind Plaintiff that reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The Court urges Plaintiff to use discretion in seeking reconsideration of future orders.

4

18-CV-1836 JLS (AHG)

**MOTION FOR RECONSIDERATION**

Plaintiff asks the Court to reconsider its November 6, 2020 Order in which the Court denied Plaintiff's motion for free access to PACER. *See* "Order," ECF No. 78. Since Plaintiff has filed a subsequent motion for PACER access that the Court considered above, the Court **DENIES** Plaintiff's Motion to Reconsider as moot (ECF No. 79).[2]

**IT IS SO ORDERED.**

Dated: November 17, 2020

Hon. Janis L. Sammartino
United States District Judge

---

[2] The Court notes that this is the third motion for reconsideration filed by Plaintiff in this matter. *See* ECF Nos. 45, 72. The Court finds it prudent to remind Plaintiff that reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The Court urges Plaintiff to use discretion in seeking reconsideration of future orders.